379 So.2d 1078 (1980)
STATE of Louisiana
v.
Lonnie E. SOLOMON.
No. 65230.
Supreme Court of Louisiana.
January 28, 1980.
Robert Fuhrer, Franklin, Indigent Defender Board, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., for plaintiff-appellee.
BLANCHE, Justice.[*]
The defendant, Lonnie Solomon, was charged in district court with simple burglary of a vehicle in violation of R.S. 14:62. He filed a motion to quash the bill of information on the basis of double jeopardy. Defendant contended prosecution for burglary of the vehicle constitutes double jeopardy because he had been previously convicted of theft of a watch from the same vehicle. The court denied the motion and defendant plead guilty to the charge reserving his right to appeal on the double jeopardy issue.
*1079 Two Franklin City Police officers arrested defendant after they found him inside an automobile owned by one of them. After a search at the police station, the officers found a watch, which had been in the car's glove compartment, in defendant's pocket. The tape player in the car was also allegedly tampered with. Defendant was charged in district court with simple burglary, theft and carrying a concealed weapon. The charges were nolle prosequied and referred to the City Court of Franklin. In city court, defendant plead guilty to theft and carrying a concealed weapon, and was sentenced to thirty days in parish prison on each charge. He was subsequently charged in district court with simple burglary. It is the burglary charge which defendant claims places him in double jeopardy for the same offense.
Initially, we note that a prosecution in a state court on the same offense as defendant was convicted of in a municipal court constitutes double jeopardy. Waller v. Fla., 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).
Both the Louisiana and the United States Constitutions provide that no person shall be twice put in jeopardy of life or liberty for the same offense. U.S.Const. amend. 5; La.Const. art. 1, sec. 15 (1974). Article 596 of the Louisiana Code of Criminal Procedure states that double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. (emphasis added)
Thus, defendant submits for our review whether the burglary charge and theft conviction are the "same offense" for double jeopardy purposes.
This Court has adopted the "same evidence" test to determine the identity of offenses. This test holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of former jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976); State v. Didier, 262 La. 364, 263 So.2d 322 (1972).
In applying this test, we have stated that double jeopardy exists when the two charges arise from identical conduct. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, supra. Thus, simple battery and indecent behavior with juveniles were the same offense for double jeopardy purposes where both charges were based upon the defendant's putting his hands up the prosecutrix's dress, State v. Bonfanti, supra. Similarly, malfeasance in office and a charge of robbery and theft as a principal were treated as the same offense where the defendant's malfeasance consisted of his aiding and abetting the robbery-theft by failing to prevent it, to apprehend the participants, or to report the crime. State v. Didier, supra.
Because the defendant plead guilty to the burglary charge, there is no trial transcript to review in order to determine whether evidence in the theft trial would be the "same evidence" to prove the burglary charge. We do have the testimony from the motion to quash which may be utilized for this purpose. Testimony of the arresting officers at the trial of the motion to quash set forth the facts on which the simple burglary charge was based. Their testimony establishes that the burglary and theft charges deal with the same incident of defendant entering Officer Bourgeois' vehicle on the night of November 28, 1978. Therefore, it can be determined that the exact same evidence is not required for a conviction of the defendant on both the *1080 burglary and theft charges because a conviction of burglary requires the additional proof of an unauthorized entry with the intent to commit a felony or any theft therein. R.S. 14:62. Furthermore, the two charges are not based on the exact same conduct as was the case in Bonfanti & Didier, supra. The crime of burglary was completed upon entry into the car with the intent to commit the theft therein, whereas the theft did not occur until the defendant actually took the watch from the glove compartment. This distinction makes it clear that burglary of the automobile and the theft of the watch were two separate and distinct offenses and therefore, the conviction of one would not bar a conviction of the other on the grounds that the defendant would be placed twice in jeopardy for the same offense.
For these reasons, the judgment of the court dismissing defendant's motion to quash the bill of information is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
DENNIS, J., concurs with reasons.
STONE, J. Ad Hoc, dissents, being of the opinion that the prosecution for both theft and burglary violates the double jeopardy clause.
DENNIS, Justice, concurring.
I respectfully concur in the result reached in the majority opinion and find it consistent with the rationale employed by the Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In that case the Court held:
"`The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....'" 432 U.S. at 166, 97 S.Ct. at 2225.
Applying the rule of Brown v. Ohio (sometimes called the "distinct fact test" or the "Blockburger test" see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)) to the present case, it is clear that there has not been multiple punishment for the same offense. The two offenses in this case are separate because each offense requires proof of an additional fact which the other does not. The evidence actually introduced which would have been required to support a conviction of burglary would not have been sufficient to warrant the conviction of theft. Nor would the evidence required to prove the theft have been sufficient to warrant a conviction of burglary.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.