387 So.2d 1097 (1980)
STATE of Louisiana
v.
Lloyd VINCENT.
No. 65640.
Supreme Court of Louisiana.
April 7, 1980.
Concurring Opinion November 5, 1980.
*1099 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice.[*]
Lloyd Vincent was charged in the same information in separate counts with simple burglary in violation of La.R.S. 14:62 and receiving stolen things in violation of La. R.S. 14:69. After a jury trial, defendant was found guilty of simple burglary on count one and guilty of "possession of stolen property in the amount of $100.00" on count two. Defendant was sentenced to serve twelve years at hard labor on count one and two years at hard labor on count two with credit for time served. Thereafter, the district attorney filed an information accusing defendant of prior felony convictions pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After a hearing, the trial judge found defendant to be an habitual offender. He vacated the sentences previously imposed and sentenced defendant to serve twenty years at hard labor on each of the two counts with credit for time served. The court expressly directed that the sentences be served concurrently. On appeal, defendant relies on three assignments of error for reversal of his convictions and sentences.

PATENT ERROR
We first consider an error which we have discovered in the verdict. Since the verdict is part of the pleadings and proceedings, any error therein is reviewable under La. Code Crim. P. art., 920(2). State v. White, 315 So.2d 301 (La.1975) (on rehearing).
Defendant was charged in count two with receiving stolen things valued at $150.00 in violation of La.R.S. 14:69, which provides in pertinent part:
Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
. . . . .
When the value of the stolen things amounts to one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
The jury returned the following verdict:

Count 2-Possession of Stolen Property
We, the jury, find the defendant, Lloyd Vincent guilty of possession of stolen property in the amount of $100.00.
La. Code Crim. P. art. 813 provides that, if the court finds that the verdict is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. La. Code Crim. P. art. 814 provides the only responsive verdicts which may be rendered where the indictment charges certain listed offenses. The crime of receiving stolen things is not listed therein. La. Code Crim. P. art. 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:

*1100 (1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
Accordingly, we must determine whether the verdict returned, "guilty of possession of stolen property in the amount of $100.00," is equivalent to one of the verdicts listed in art. 815.
There is no crime in Louisiana entitled "Possession of Stolen Property." Nevertheless, there is no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury. La. Code Crim. P. art. 810; see State v. White, supra. In determining the intention of the jury, if ambiguous, reference may be had to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of the verdict submitted. State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976); State v. Broadnax, 216 La. 1003, 45 So.2d 604 (1950). In Miller, defendant was charged with escape from the penitentiary; the verdict returned was "Guilty of Attempted Escape." We held the verdict to be responsive to the charge despite the failure of the jury to include the words "from the penitentiary." We noted that the bill of information specifically charged defendant with simple escape from the penitentiary, that the trial judge in instructing the jury informed it that the defendant was accused of violating that specific statute, which he read to the jury, and that the trial judge also instructed the jury that it could find one of the following verdicts: Guilty, guilty of attempted escape from Louisiana State penitentiary, and not guilty.
In the instant case, we do not consider that the language of the verdict clearly conveys an intention by the jury to find defendant guilty as charged or guilty of a lesser and included grade of the offense. While the bill of information specifically charged defendant with receiving stolen things, the judge did not read the specific statute, as in Miller, or a summary of it to the jury as part of the charge, nor did he furnish the jury with a list of verdicts that were responsive to the charge. Rather, the trial judge simply instructed the jury,
As to the Second Count, there are four possible verdicts: 1, Guilty as charged of Possession of Stolen Property in the amount of $150.00; or 2, Guilty of Possession of Stolen Property in the amount of (value to be placed by the jury); and 3, Guilty of Attempted Possession of Stolen Property in the amount of (amount to be placed by the jury); and 4, Not Guilty[,]
and furnished it with a list of those verdicts. There is no indication that the jury was even aware of the elements of the crime charged. We are unable to say that by the use of the term "possession" the jury intended to find defendant guilty of receiving stolen things (the crime charged) or guilty of a lesser and included grade of the offense. Thus, the verdict returned was not responsive to the offense charged. The trial judge erred in receiving it.
Hence, we must reverse the conviction and sentence in count two (receiving stolen things).

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash the bill of information. He argues that his prosecution for burglary and for receiving things stolen in that burglary places him twice in jeopardy for the same offense.
Both the Louisiana and federal constitutions provide that no person shall be twice placed in jeopardy for the same offense. U.S.Const. amend. 5;[1] La.Const. art. 1, § 15. Louisiana applies the "distinct fact" test for determining the identity of offenses where the plea of double jeopardy is raised. State v. Doughty, 379 So.2d 1088 (La.1980). This test holds that two offenses are the same for double jeopardy purposes unless each offense requires proof of an additional fact that the other does not. If *1101 each offense requires proof of an additional fact that the other does not, then the accused may be tried and convicted on both offenses. State v. Doughty, supra; State v. Solomon, 379 So.2d 1078 (La.1980).
Simple burglary in defined as
the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein . . . .
La.R.S. 14:62. Receiving stolen things is defined as
the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
La.R.S. 14:69. Applying the distinct fact test, we conclude that the two crimes are separate offenses, each requiring proof of a fact that the other does require. Simple burglary requires proof of an unauthorized entry with the intent to commit a felony or any theft therein. Receiving stolen things does not require this proof. Conversely, receiving stolen things requires proof that the thing was the subject of a robbery or theft; simple burglary does not require this proof. Hence, the two crimes are not the same offense.
However, even though the crimes charged are separate, a defendant cannot be twice punished for the same conduct. City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972). Nevertheless, in State v. Solomon, supra, we held that, even though the same incident led to charges of burglary and theft, defendant's double jeopardy rights were not violated as the two charges were not based on the exact same conduct. We stated:
The crime of burglary was completed upon entry into the car with the intent to commit the theft therein, whereas the theft did not occur until the defendant actually took the watch from the glove compartment.
The same is true in the instant case. The same incident led to charges of burglary and receiving things. However, the burglary was completed before the alleged reception of stolen things took place. The two charges are not based on the exact same conduct. Therefore, defendant may be prosecuted for both offenses without being placed twice in jeopardy for the same offense. The trial judge did not err in denying the motion to quash.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in refusing to give defendant's special written charge to the jury. He argues the requested charge was not covered in the court's general charge and was necessary to charge the jury properly as to the law applicable to the case.
On the day of trial, but prior to its commencement, defendant submitted to the court the following special written charge:
The defendant has been charged by bill of information with both burglary and with possession of stolen property. However, he may be convicted of either of these offenses or of a lesser degree of either, but he may not be convicted of both. In other words, if you should find that the State has proven the defendant's guilt beyond a reasonable doubt of both Counts I and Count II, you may return a verdict of Guilty as to one, but must return a verdict of Not Guilty as to the other.
After closing arguments, the trial judge charged the jury. When he finished, defendant moved that the trial judge give defendant's special written charge. The motion was denied. The minutes reflect defendant noted his objection.
La. Code Crim. P. art. 807 provides in part:
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in *1102 the general charge or in another special charge to be given.
For the reasons stated in our discussion of Assignment of Error No. 1, we consider that the requested special written charge was not wholly correct; rather, it was clearly wrong. Hence, the trial judge did not err in refusing to give the charge to the jury.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in finding him to be an habitual offender. He argues that the state failed to prove (1) that more than five years had not elapsed since the expiration of the maximum sentence for his last prior felony conviction and the time of the commission of the felony for which he was convicted herein and (2) that two of his prior convictions which were based on pleas of guilty were taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
(1) La.R.S. 15:529.1(C) provides:
This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
In State v. Anderson, 349 So.2d 311 (La. 1977), we held "maximum" sentence in La. R.S. 15:529.1(C) to mean actual "maximum" sentence served. We stated in Anderson:
The statutory intent, thus, is that a sentence expires when the prisoner is discharged from state custody and supervision, not when the theoretical date arrives on which the initial sentence would have terminated. Thus, when the convicted person is discharged earlier (as well as later) than the expiration date of the sentence initially sentenced, then the actual maximum sentence is that determined by his date of legal discharge, whether extended through revocation of parole or shortened by law due to "good time" diminution of the initial sentence. It is not until the date of actual discharge that the individual has fully paid his debt to society, insofar as owed because of an offense for which he has been convicted.
Hence, we must determine whether there is sufficient evidence that five years have not elapsed since the expiration of the actual maximum sentence defendant served for his 1964 conviction (his last prior felony conviction) and the time of the commission of the offense for which he was convicted in the instant prosecution.
At the habitual offender hearing, the state introduced evidence showing that defendant was sentenced to serve twenty years at hard labor in the state penitentiary on November 18, 1964, and that the sentence would expire on November 19, 1984. A Certificate of Parole indicates that defendant was released of parole on January 18, 973, and was to remain "within the limits of Louisiana until November 19, 1984; or, until other action may be taken by the Board of Parole." Moreover, La.R.S. 15:574.6 provides that the parole term, when the Parole Board orders a prisoner released on parole, shall be for the remainder of the prisoner's sentence, without any diminution of sentence for good behavior. La.R.S. 15:574.7(A) provides that each parolee shall remain in the legal custody of the institution from which he was paroled. The instant offense occurred on March 18, 1979.
Thus, absent a showing by defendant that he had been discharged from parole, the state has proven that he was in the legal custody of the Department of Corrections from the date of his release on parole (January 18, 1973) until the time of the commission of the instant offense (March 18, 1979). Hence, the state met its burden of proving that more than five years had not elapsed since the expiration of the maximum sentence for defendant's last prior felony conviction and the time of the commission of *1103 the felony for which he was convicted herein.
(2) In State v. Holden, 375 So.2d 1372 (La.1979), we held that as to convictions prior to December 8, 1971, the state is required only to prove the convictions were by pleas of guilty with representation by counsel. The state is not required to prove that defendant was informed of and made a knowing waiver of his Boykin rights.
In the instant case, the bill of information accusing defendant of being an habitual offender charged him with three prior convictions, two of which resulted from guilty pleas: a 1964 conviction for armed robbery and a 1962 conviction for simple burglary. Both guilty pleas were entered prior to December 8, 1971. Accordingly, the state was not required to prove that defendant was informed of and made a knowing waiver of his Boykin rights.
The trial judge did not err in finding defendant to be an habitual offender. Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence for simple burglary are affirmed; his conviction and sentence for receiving stolen things are reversed, and the case is remanded to the district court for further proceedings in accordance with law.
DIXON, C. J., dissents with reasons.
DENNIS, J., concurs with reasons.
DIXON, Chief Justice (dissenting):
I respectfully dissent.
In this case a policeman caught defendant carrying a TV out the back door of a restaurant kitchen. The same facts to prove the "receiving" proved the burglary, and the Blockburger test was not met. Defendant should not have been tried and sentenced twice for the same conduct and with the same evidence. State v. Doughty, 379 So.2d 1088 (La.1980).
DENNIS, Justice, concurring.
I concur in the Court's treatment of the patent error issue but respectfully disagree with the majority's treatment of double jeopardy. State v. Doughty, 379 So.2d 1088 (La.1980), does not countenance prosecution for both burglardy and receiving stolen goods under the facts of this case. In Doughty we held that offenses are the same for double jeopardy purposes when "the evidence required to support a conviction upon one indictment would have been sufficient to warrarnt a conviction upon the other." [emphasis supplied] Id. at 1091. Under the facts of this case the evidence that proved the burglary proved the "receiving charge."
NOTES
[*] Honorable Edward A. de la Houssaye, III participated in this decision as Associate Justice Ad Hoc.
[1] The double jeopardy provision of the fifth amendment to the federal constitution was made applicable to the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).