467 So.2d 1377 (1985)
STATE of Louisiana
v.
Alton CUREAUX and Kerry Cureaux.
No. 84-KA-585.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
*1378 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for plaintiff-appellee.
Russell Stegeman, Gretna, for defendant-appellant.
Before KLIEBERT, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
Defendants, Kerry Cureaux and Alton Cureaux, were charged by bill of information with the crimes of aggravated burglary, LSA-R.S. 14:60, and armed robbery, LSA-R.S. 14:64. On August 23 to 25, 1983, they were tried by a jury of twelve persons and found guilty of the lesser crimes of simple burglary, LSA-R.S. 14:62, and of simple robbery, LSA-R.S. 14:65. Thereafter, a pre-sentence investigation was ordered; and on October 19, 1983, each defendant was sentenced to concurrent six year sentences on each conviction.
Defendants now appeal to this court on the basis of two assignments of error.
On December 9, 1982, at approximately 2:00 p.m., Amy Weber knocked on the door at the home of Rufus Francis. She asked to use the phone because she had "somebody sick". Mr. Francis opened the door and four men burst into the room. Brandishing guns, they asked Mr. Francis for his money. When Mr. Francis didn't respond, he was hit on the forehead with the gun.
After partially tying Mr. Francis with a telephone cord, he was pulled upstairs at gunpoint and into the bedroom of his roommate, Clifton Cox, where he was again bludgeoned with the gun and told to lie flat on the floor. Mr. Cox was also hit across the head with the gun and the perpetrators demanded to know where the money was located. His girlfriend, Sharon Jackson, was taken into another bedroom, and they threatened to kill her unless she told them where the money was located. Then Mr. Francis's fourteen year old son, Sean Francis, was brought into the bedroom with his father and Mr. Cox. A gun was placed at his head and one of the men then kicked Mr. Francis in the face and threatened to *1379 kill his son unless he told him where the money was. The boy started to cry and the man holding Sharon Jackson left her alone to go into the bedroom with the others to gag the boy with a sweater. Sharon Jackson then jumped out of a window and ran for help. Her absence was immediately observed and the men quickly left.
After a high speed chase down the Westbank Expressway, Deputy Sheriff Thomas DeSalvo, along with several other units, took the two defendants and the other assailants into custody in the 2300 block of Lapalco Boulevard in Harvey, Louisiana. Deputy DeSalvo then left the scene after he received radio communication concerning "a woman that was naked, screaming for help in the 1100 block of Clydesbank."
Sheriff DeSalvo later found out that the woman was Sharon Jackson and that the men who robbed the Clydesbank residence were the same that were arrested after the high speed chase.
All the items taken in the armed robbery were returned to the victims. Among the things taken were jewelry and money.
The victims were able to identify their assailants; however only Gregory Johnson was positively identified as one of the two men who used a gun. The other man with the gun was not positively identified.
After their convictions and sentencing, defendants perfected this appeal alleging:
that (1) The trial judge erred in denying the defendant's motion for arrest of judgment and new trial on the grounds of double jeopardy; and that
(2) It is patent from the face of this record that the Prieur concept was violated by the use of other crimes evidence to convict the defendants on the charges therein.
In the assignments, defendants contend that the trial court committed reversible error by denying defense motions for arrest of judgment and new trial in that a joint trial of the aggravated burglary and armed robbery charges subjected them to double jeopardy and denied defendants a fair trial by the admission of prejudicial other crimes evidence. See State v. Prieur, 277 So.2d 126 (La.1973). We disagree.
The double jeopardy clause provides three separate constitutional protections: it protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offenses. U.S. Const. Amend. V; North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). La. Const. Art. 1, Section 15; LSA-C.Cr.P. art. 596; State v. Vaughn, 431 So.2d 763 (La. 1983); State v. Steele, 387 So.2d 1175 (La. 1980). In the present case, the defendants were not prosecuted a second time for the same offense after acquittal or conviction; and we find that the defendants did not receive multiple punishments for the same offense. State v. Vincent, 387 So.2d 1097 (La.1980); State v. Solomon, 379 So.2d 1078 (La.1980).
In State v. Vincent, supra, the Louisiana Supreme Court cited its holding in State v. Solomon, supra, and held that defendants' double jeopardy rights were not violated in the joint charging and conviction of burglary and receipt of stolen things as the two charges were not based on the exact same conduct.[1] The Louisiana Supreme Court stated "[t]he crime of burglary was completed upon entry into the car with the intent to commit the theft therein, whereas the theft did not occur until the defendant actually took the watch from the glove compartment." State v. Vincent, supra, at 1101.
In the instant case, evidence adduced at trial establishes that the aggravated burglary and armed robbery charges arose from the same incident of defendants' entering the victim's home on the night of December 9, 1982. However, neither the *1380 exact same evidence nor the exact same conduct is required for a conviction of the defendants on both the burglary and robbery charges.
In regard to the evidence, a conviction of aggravated burglary requires the proof of an unauthorized entering of any dwelling (or any structure, watercraft or movable) where a person is present with the specific intent to commit a felony or theft therein, if the defendant is armed with a dangerous weapon or arms himself with a dangerous weapon after entering (or commits a battery upon any person while in such place or commits a battery while entering or leaving such place.) LSA-R.S. 14:60. On the other hand, a conviction of armed robbery requires proof of the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while the offender is armed with a dangerous weapon. LSA-R.S. 14:64.
As to the conduct, the crime of aggravated burglary was complete upon these defendants' unauthorized entry into the residence of the victims (with the victims present) and with the specific intent to commit theft while armed with the guns, or when they committed battery upon the victims. Whereas the armed robbery did not occur until the defendants actually at gunpoint took the jewelry, money, and other items from the victims. This distinction makes it clear that burglary of the house and the robbery of the victims were two separate and distinct offenses; and therefore the conviction of one would not bar a conviction of the other on the grounds that the defendants would be placed twice in jeopardy for the same offense. State v. Vincent, supra; State v. Solomon, supra.
On defendants' second argument, it is argued that the joint charging allowed admission at trial of prejudicial other crimes evidence. We find this argument likewise does not support a reversal.
In the instant case, the offenses jointly charged in the information (aggravated burglary and armed robbery) were properly joined because part of a continuous transaction (and mode of trial for each offense was the same.) Evidence of each crime was admissible in trial of the other as part of the res gestae. LSA-C.Cr.P. Arts. 493 and 782; LSA-R.S. 15:447; LSA-R.S. 14:60 and 14:64; State v. Bland, 419 So.2d 1227 (La.1982); State v. Carter, 412 So.2d 540 (La.1982).
In State v. Prieur, supra, the Louisiana Supreme Court set forth notice guidelines to be followed when the State intends to offer evidence of other related criminal offenses. However, they do not apply to evidence of offenses which are part of the res gestae. Neither is a Prieur violation a matter reviewable as patent error. State v. Oliveaux, 312 So.2d 337 (La. 1975).
For the foregoing reasons, therefore, and after a review of the law and evidence, the convictions of defendants Alton Cureaux and Kerry Cureaux are hereby affirmed.
AFFIRMED.
NOTES
[1] See State v. Steele, supra. See also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Doughty, 379 So.2d 1088 (La. 1980).