GROVER L. COVINGTON, Chief Judge.
James Conerly was charged by bill of information with one count of theft of property valued at $100 or more but less than $500.00. He pled not guilty and elected to be tried by a jury. The jury returned a verdict of guilty, and, after a sentencing hearing, the trial court ordered defendant to serve two years in the custody of the Department of Corrections. He has appealed, urging eight assignments of error, but as only two of them were briefed, the remainder of them will be considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
For the reasons hereinafter stated, we affirm the conviction and sentence.
Defendant was charged with the theft of merchandise from a K-Mart store in Baton Rouge, Louisiana, on April 3, 1984. The items in question were a fishing reel, valued at $44.88, and a Birdtrap depth finder, valued at $209.00. An assistant manager of the store, Paul B. Keating, saw defendant remove the fishing reel from a showcase and walk out of the area without paying for it. He continued to watch defendant, who then walked over to the depth finder display. Keating saw him take the depth finder off the display, and watched as he stooped behind the counter for a few seconds. Keating then watched defendant stand up and walk to a check-out counter, carrying only a box for an Igloo cooler. Defendant paid for the cooler and walked out of the store. After summoning help, Keating followed defendant into the parking lot and asked him to come back into the store. He was joined by Bill Edwards, another assistant manager, and other employees. Defendant threw the box onto the ground, and began scuffling with Keating. One of the other employees picked the box up from the ground and noticed merchandise inside it. Defendant was eventually subdued and agreed to return to the store. As the employees walked with him through the store to the security department, defendant broke away from them and began to run through the store. He was again subdued by the employees, and brought to *533 the security department. The fishing reel and depth finder were found inside the box dropped by defendant.
ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant urges that the trial court erred by failing to grant his motion for a mistrial based on prejudicial remarks by the state during opening argument.
The segment of the opening argument in question was as follows:
Well, I know what I intend to prove. I intend to prove all these elements of the crime beyond any reasonable doubt. I don’t know whether he will take the stand or not. Now, as you know by the testimony and statements by the — ah— he doesn’t have to.
Defendant timely objected to the remarks and moved for a mistrial. The trial court found the remarks merely constituted a statement of law, and, after noting that the motion might have been entertained if the statement had been made during closing argument, denied defendant’s motion for a mistrial and instructed the parties that the jurors would be admonished upon their return to the courtroom. The judge, upon return of the jury, did properly inform them of defendant’s right to remain silent and that the jury “cannot hold that against him in any form or fashion. You can draw no negative conclusions from the exercise of that right.” Defendant now argues the allusion was prejudicial because he was forced to take the stand after the attention of the jury was directed to his testimony by this remark.
La.C.Cr.P. art. 770 provides, in pertinent part, as follows:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(3) The failure of the defendant to testify in his own defense;
* ⅜: ⅜ sfc ⅜ *
In order to mandate a mistrial under this provision, the alleged indirect reference must be intended to draw the attention of the jury to the defendant’s failure to testify or present evidence in his behalf. State v. Smith, 433 So.2d 688 (La.1983). We find no error in the trial court’s ruling. The remarks were not a comment on the failure of defendant to take the stand, but only a statement that defendant might or might not present evidence. See State v. Kenner, 336 So.2d 824 (La.1976).
ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant urges that the trial court imposed an excessive sentence and failed to comply with the sentencing criteria of La.C.Cr.P. art. 894.1.
The trial court imposed the maximum permissible sentence of two years at hard labor. Defendant submits that the trial court failed to adequately consider the mitigating factors applicable to him, including his history of gainful employment, lack of juvenile record, age, and alcohol abuse problem. Defendant also cites his satisfactory completion of a prior probationary term.
The transcript of the sentencing hearing reveals that the trial court specifically mentioned all of these factors in imposing sentence. The court also noted that defendant had subsequently been arrested on unrelated charges, and was awaiting trial. Further, although defendant had been successfully terminated from probation, his prior probation officers considered him a poor probation risk because he committed numerous offenses and had been arrested several times while on probation. The report also noted defendant’s negative attitude toward supervision.
The trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257 *534 (La.App. 1st Cir.1984). If the trial court chooses a prison term, it should reserve the maximum sentence for the most egregious and blameworthy of offenders within a class. State v. Stampley, 457 So.2d 1238 (La.App. 1st Cir.1984).
As a second felony offender, defendant was not eligible for probation. The instant offense was committed only two months after his earlier probationary period ended. The trial court found, and we agree, that defendant had not benefit-ted from that probation. His continuing activity, during and after probation, and violent behavior when apprehended for this crime justify the imposition of the maximum sentence.
PATENT ERROR
This court has noticed, ex proprio motu, error patent on the face of the record. La.C.Cr.P. art. 920(2).
The verdict rendered herein is defective in failing to fully delineate the grade of the offense. The verdict returned by the jury reads as follows:
We, the Jury, find the accused, JAMES CONERLY: Guilty of Theft of Property Having a Value of One Hundred Dollars or More.
Three separate grades of theft are established by the criminal code, to wit: theft of property of a value less than $100.00; theft of property valued at $100.00 or more but less than $500.00; and theft of property valued at $500.00 or more. LSA-R.S. 14:67.
There is no formal requirement as to the language of the verdict except that it must clearly convey the intention of the jury. La.C.Cr.P. art. 810; State v. Vincent, 387 So.2d 1097 (La.1980). When faced with an ambiguous verdict, the intent of the jury can be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, or the forms of the verdict the court submitted. State v. Young, 469 So.2d 1014, (La.App. 1st Cir.1985). See also State v. Vincent, supra.
The responsive verdict list submitted to the jury did not properly set forth the grades of theft with which defendant was charged, having omitted the phrase-“but less than $500.00.” However, the bill of information clearly specified that defendant was charged with “theft of merchandise ... with a value of between $100.00 and $500.00.” Furthermore, although the entire transcript of the proceedings below is not before us, so that we do not have the instructions by the trial judge to the jury before us, the record clearly shows that the evidence presented established the value of the merchandise in question. Therefore, although the verdict rendered by the jury does not specify the grade of the offense, we find the intention of the jury must have been to convict defendant with the grade of the offense charged: theft of property having a value of one hundred dollars or more, but less than a value of five hundred dollars.
For these reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.