482 So.2d 1095 (1986)
STATE of Louisiana
v.
Charles E. GREEN, a/k/a "Carlo" Green.
No. CR85-883.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Writ Granted May 1, 1986.
*1096 Ricky L. Sooter, Alexandria, for defendant-appellant.
Thomas R. Willson, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
DOMENGEAUX, Judge.
Defendant, Charles E. Green, a/k/a "Carlo" Green, was charged by bill of information with the theft of property having a value of less than $100.00 in violation of La.R.S. 14:67 (third offense). The bill of information also indicated that the defendant had two previous convictions of theft. A six person jury unanimously found him guilty. The trial court sentenced him to eighteen months in the Rapides Parish prison. Defendant now perfects an appeal from his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error the defendant claims that the reading to the jury of the bill of information which contained references to two previous convictions of theft and the admission of evidence of the prior convictions was error in the absence of a limiting instruction that such evidence should not be considered in determining whether the defendant was guilty or innocent of the primary charge of theft. The *1097 defendant did not request such an instruction.
La.C.Cr.P. Art. 801 provides in pertinent part:
"A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of the objection. The court shall give the party an opportunity to make the objection out of the presence of the jury."
The defendant in the case before us did not object to the trial court's failure to give the jury instructions which he now alleges were necessary. He cannot now complain of the lack of instructions. This assignment of error lacks merit.

ALLEGED ERRORS PATENT
In his appellate brief the defendant discusses alleged errors which were not designated in the assignments of error but which he claims are patent errors that can be considered on appeal pursuant to La.C. Cr.P. Art. 920(2).

ALLEGED ERROR PATENT NO. 1
The defendant argues that the minutes of the defendant's prior conviction of theft pursuant to a guilty plea failed to indicate that the defendant was adequately "boykinized". The minutes of the defendant's guilty plea were introduced as evidence by the State. La.C.Cr.P. Art. 920(2) provides that a patent error is one that is "discoverable by a mere inspection of the pleadings and the proceedings and without inspection of the evidence." In determining if the defendant was properly boykinized for a prior conviction, this Court would have to examine "evidence"the minutes submitted by the State. Thus, the error alleged could not be considered patent since it is not discoverable by the mere inspection of the pleadings. Since the alleged error is not patent and not designated as an assignment of error it cannot be raised for the first time on appeal. La.C. Cr.P. Art. 920. State v. Feeback, 414 So.2d 1229 (La.1982).
Although from the above discussion it appears that the alleged error is not patent, in State v. Arrington, 455 So.2d 1284 (La. App. 4th Cir.1984), the Fourth Circuit Court of Appeal considered as an error patent a claim similar to the one at hand. Therefore, it can be argued that on the basis of State v. Arrington, supra, this Court may address the merits of the error alleged by the defendant. However, a review of the transcript of the defendant's guilty plea on June 26, 1984, reveals that the defendant was properly "boykinized". This allegation therefore lacks merit.

ALLEGED ERROR PATENT NO. 2
The defendant alleges that the record does not reflect that the trial court instructed the jury as to the elements of the lesser included crime of attempted theft of property having a value of less than $100.00. Erroneous jury instructions or defects in the general charge are not errors patent on the record. State v. Williamson, 389 So.2d 1328 (La.1980); State v. Progue, 350 So.2d 1181 (La.1977). Since the defendant did not designate the error in an assignment of error, and since such an error is not patent, the merits of the defendant's complaint cannot be addressed.

ALLEGED ERROR PATENT NO. 3
The defendant alleges that the verdict returned by the jury is not proper in form and is ambiguous. The verdict is part of the pleadings and proceedings and, therefore, any error therein is reviewable as patent under La.C.Cr.P. Art. 920(2). State v. Vincent, 387 So.2d 1097 (La.1980); State v. White, 315 So.2d 301 (La.1975), on rehearing. Therefore, we will address the merits of the defendant's complaint.
The defendant argues the jury's verdict of "guilty" was ambiguous in that it did not indicate if the jury found the defendant guilty of the primary charge of theft of property having a value of less than *1098 $100.00, third offense, or guilty of the responsive charge of attempted theft of property having a value of less than $100.00 third offense. The only formal requirement of a verdict is that the intention of the jury be clearly conveyed. La.C.Cr.P. Art. 810. "In determining the intention of the jury, if ambiguous, reference may be had to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of the verdict submitted." State v. Vincent, supra.
In this case, the unmodified verdict of "guilty" sufficiently shows the intention of the jury in light of the fact that:
1. the evidence adequately supports a finding of an accomplished theft;
2. after polling of the jury upon the defendant's motion, no objection was raised concerning vagueness or ambiguity; and
3. the minutes of the court recount that the jury found the defendant, Charles E. Green, guilty as charged.
Thus, it appears that in the case before us the verdict was proper, especially in the absence of the defendant's objection at the time the verdict was rendered. This assignment therefore lacks merit.
For the above and foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.
KING, J., dissents for written reasons supplied.
KING, Judge, dissenting.
I respectfully dissent from the opinion of the majority which finds that the defendant's Alleged Error Patent Number 3 has no merit.
The jury only found the defendant "Guilty"of what I ask?
The defendant argues that the jury's verdict of "guilty" was ambiguous in that it did not clearly show whether the jury found him guilty of the offense of theft of property having a value of less than $100.00, third offense, or whether the jury found him guilty of the lesser and included offense of attempted theft of property having a value of less than $100.00, third offense, both of which were responsive verdicts submitted to the jury. I agree that the word "guilty" standing alone is an ambiguous verdict, where there is a possibility of one of several responsive verdicts, and that this form of verdict is an error patent on the face of the record.
There is no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury. LSA-C.Cr.P. Art. 810. As noted by the majority, the intention of the jury, if ambiguous, may be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of the verdict submitted. State v. Vincent, 387 So.2d 1097 (La.1980).
The majority states that the single word "guilty" in the verdict clearly conveys the intention of the jury in light of three factors.
The first fact relied on by the majority is that "the evidence adequately supports a finding of an accomplished theft." Evidence which supports a conviction of the charged offense also necessarily supports a conviction of a lesser and included offense. The fact that the jury could rationally have returned a verdict of guilty of the crime charged does not mean that the jury could not have rationally returned a verdict of a lesser and included crime. State v. Dufore, 424 So.2d 256 (La.1982).
The second fact relied on by the majority is that "no objection was raised concerning vagueness or ambiguity" of the verdict after polling of the jury upon the defendant's motion. As conceded by the majority, a verdict is a part of the pleadings and proceedings and, therefore, any error in the verdict is reviewable as patent under LSA-C.Cr.P. Art. 920(2). State v. Vincent, supra. The fact that defendant failed to contemporaneously object to the form of the verdict is irrelevant where there is patent error. I know of no legal authority, nor has the majority cited any, that require a contemporaneous objection be made to a *1099 patent error. If this logic was accepted there could never be a patent error without a contemporaneous objection.
The third fact relied on by the majority is that "the minutes of the court recount that the jury found the defendant, Charles E. Green, guilty as charged." Since the jury's written verdict only contained the word "guilty," rather than "guilty as charged," the minutes of the court are obviously in error and clearly in conflict with the jury verdict contained in the record. For this reason the minute entry is proof of nothing.
Although this court has the authority to determine the intent of the jury when the jury has rendered a verdict defective in form, State v. Vincent, supra, I find a complete absence of sufficient facts in the record to enable this Court to now clearly determine the intention of the jury when it rendered its verdict. For this reason I would reverse the defendant's conviction.
For the above and foregoing reasons, I respectfully dissent.