WARD, Judge.
The question raised in this appeal is whether the State’s prosecution of a defendant for burglary and for possession of things stolen in the burglary places the defendant in double jeopardy for the same offense.
The State charged Alex George with nine counts of simple burglary, violations of La. R.S. 14:62, and nine counts of illegal possession of stolen things, violations of La.R. S. 14:69. George pled guilty to the nine counts of simple burglary, and the Trial Judge sentenced him to twelve years imprisonment at hard labor on each count, with the sentences to run concurrently. The Trial Judge suspended the sentences, placing George on five years active probation.
Immediately after pleading guilty to the burglary charges, George made a motion to quash the remaining counts on the bills of information for possession of stolen things, arguing that prosecution for these charges would amount to a violation of constitutional protection against double jeopardy. The Trial Judge granted George’s motion. Louisiana Code of Criminal Procedure article 912(B)(1) permits the State to appeal the granting of a motion to quash an indictment, and the State has done so, contending that its prosecution of George for possession of stolen things will not violate constitutional protection against double jeopardy.
To recover stolen property and to apprehend those who stole the property, the New Orleans Police Department conducted an undercover operation from a retail business, purchasing property from various individuals. On several occasions in February and March 1988, George sold property which he stole over a period of time from a storage warehouse owned by the Housing Authority of New Orleans. For each time George sold the stolen property, the State charged him in the same bill of information with one count of simple burglary and one count of illegal possession of stolen things.
No person shall be placed in jeopardy twice for the same offense. U.S. Const, amend. 5; La. Const, art. 1, § 15. Two offenses are the same for double jeopardy purposes unless each offense requires proof of an additional fact that the other does not. State v. Doughty, 379 So.2d 1088 (La.1980). Furthermore, even if the offenses charged are distinct, a person cannot be punished twice for the same conduct. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972).
In State v. Vincent, 387 So.2d 1097 (La.1980), the Supreme Court held that a defendant is not placed in double jeopardy when, in connection with one incident, the State prosecutes and/or punishes him both for simple burglary and for receiving stolen things.[1] The Court in Vincent determined *989 that each offense charged required proof of a fact that the other did not require, and was not based on exactly the same conduct.
Although La.R.S. 14:69 was renamed and amended to include intentional possession of things stolen as a prohibited act, nevertheless it still requires proof of different facts from those necessary to prove simple burglary. Therefore, guided by the Vincent, decision, we hold that the Trial Judge in this case erred by quashing the possession counts on the bills of information. The Trial Judge’s ruling on the motion to quash is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. La.R.S. 14:69, the offense of receiving stolen things, was amended by Acts 1982, No. 552, § 1 to rename the same offense as illegal possession of stolen things and to include intentional possession as a possible element of the offense.