FREDERICKA HOMBERG WICKER, Judge.
 

 12Pefendant/relator, Mr. Larce Spikes, appeals his convictions and sentences for simple burglary of an inhabited dwelling and illegal possession of stolen things, arguing that the two offenses subjected him to double jeopardy. Because we find that the two offenses do not arise from the same conduct, the convictions are affirmed, but the case is remanded to the district court for the correction of a sentencing error.
 

 Facts and Procedural Background
 

 On January 26, 2008, Mr. Spikes committed the simple burglary of an inhabited dwelling belonging to Mr. Robert Guidry. A few months later, he was found to be in possession of casino chips, valued over $500, which also belonged to Mr. Guidry. He was subsequently charged by bill of information with one count of simple burglary of an inhabited dwelling (Count One) and one count of illegal |spossession of stolen things (Count Two), in violation of La. R.S. 14:62.2 and La. R.S. 14:69, respectively. Mr. Spikes pled not guilty at the arraignment but later withdrew his not guilty pleas and pled guilty to both offenses.
 

 
 *42
 
 During the
 
 Boykin
 
 hearing, Mr. Spikes was sentenced to 10 years imprisonment on count one with the first year to be served without the benefit of probation, parole, or suspension of sentence. In regards to count two, he was likewise sentenced to 10 years imprisonment. The sentences were to run concurrently. The State then filed a multiple bill on
 
 count one.
 
 Mr. Spikes pled guilty to being a second felony offender. The transcript indicates that the trial court vacated the sentence it imposed on
 
 count
 
 two
 
 [1]
 
 and resentenced Mr. Spikes pursuant to La. R.S. 15:529.1 to 10 years imprisonment with the Department of Corrections. The sentence was to run concurrently with the other sentence imposed.
 

 Discussion
 

 In his sole assignment of error, Mr. Spikes contends that his convictions and sentences for simple burglary of an inhabited dwelling and illegal possession of stolen things violate the double jeopardy clause of the United States and Louisiana constitutions.
 

 The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution of 1974, prohibit placing a person twice in jeopardy of life or limb for the same offense.
 
 State v. Barton,
 
 02-163 (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201;
 
 see
 
 La.C.Cr.P. art. 591. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong.
 
 State v. Cotten,
 
 438 So.2d 1156, 1160 (La.App. 1 Cir.1983). Thus, every double jeopardy analysis begins with the inquiry into whether a single offense or several offenses are involved.
 
 Id.
 

 Louisiana courts utilize two tests in examining violations of double jeopardy. The “distinct fact” or Bloclcburger
 
 [2]
 
 test is applicable where the same act or transaction constitutes a violation of two distinct statutory provisions.
 
 Barton, supra.
 
 In that instance, “the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not.”
 
 Id.
 

 The other test, the “same evidence test,” is primarily relied upon by Louisiana courts.
 
 Id.
 
 citing
 
 State v. Miller,
 
 571 So.2d 603, 606 (La.1990). The Louisiana Supreme Court explained the “same evidence test” as follows:
 

 If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy for only one. The test depends on the evidence necessary for conviction, not all evidence introduced at trial.
 
 State v. Steele,
 
 387 So.2d 1175, 1177 (La.1980).
 

 The “same evidence test” is slightly broader in concept than
 
 Bloclcburger
 
 — the central idea being that one should not be punished twice for the same course of conduct.
 
 Id., Barton supra.
 

 In this case, the crux of Mr. Spikes’ claim is that his convictions for simple burglary of an inhabited dwelling and ille
 
 *43
 
 gal possession of stolen things have placed him in jeopardy twice for the same course of conduct. Simple burglary of an inhabited dwelling is “the unauthorized entry of an inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein.” La. R.S. 14:62.2. Illegal possession of stolen things is “the intentional possessing, |,^procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate the offender knew or had good reason to believe that the thing was the subject of one of these offenses.” La. R.S. 14:69
 

 In
 
 State v. Vincent,
 
 387 So.2d 1097 (La.1980), the Louisiana Supreme Court discussed whether these two offenses
 
 [3]
 
 subjected a defendant to double jeopardy. Applying the distinct fact test, the Supreme Court determined that each crime was a separate offense which required proof of a fact that the other did not.
 
 Id.
 
 at 1101. In
 
 Vincent,
 
 the court stated:
 

 Simple burglary requires proof of an unauthorized entry with the intent to commit a felony or theft therein. Receiving stolen things does not require this proof. Conversely, receiving stolen things requires proof that the thing was the subject of a robbery or theft; simple burglary does not require this proof. Hence, the two crimes are not the same offense.
 
 Id.
 

 The court further stated that although the same incident led to the charges of burglary and receiving stolen things, they did not result from the same conduct.
 
 Id.
 

 Mr. Spikes argues, however, that
 
 In re Bradley,
 
 08-0346 (La.2/13/2009), 1 So.3d 459 is persuasive here. In that case, the defendant was charged with illegal possession of stolen things and armed robbery. In ruling that those two offenses violated double jeopardy, the Supreme Court cited
 
 State v. Robertson,
 
 386 So.2d 906, 907 (La.1980) in which it stated, “a defendant cannot be prosecuted for receiving stolen things, after having been convicted and sentenced for armed robbery, where the thing received and the object of the theft in the armed robbery are the same.”
 
 Id.
 

 Unlike
 
 Bradley,
 
 the offenses of simple burglary of inhabited dwelling and illegal possession of stolen things do not result from the same conduct. In this case, the burglary was completed when Mr. Spikes entered Mr. Robertson’s home, whereas illegal possession of stolen things did not occur until the coins had become the subject of a robbery or theft. Therefore, Mr. Spikes could legally be prosecuted for both offenses without being placed in double jeopardy for the same offense.
 

 Error Patent Discussion
 

 We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920.
 
 See State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 We first note that Mr. Spikes was not properly advised of the time delay within which to file an application for post-conviction relief. Although the commitment and
 
 Boykin
 
 form reflect the correct time delay, the trial transcript only states that Mr. Spikes was informed that he had “two years to file for post-conviction relief.”
 

 
 *44
 
 In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that defendant received the notice. However, in
 
 State v. Morris,
 
 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363, the Second Circuit corrected this error patent by way of its opinion rather than a remand.
 
 State v. Davenport,
 
 08-463, p. 11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 457.
 

 Accordingly, we hereby advise Mr. Spikes that pursuant to La. C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. art. 914 or 922.
 

 17We also note that both the commitment and multiple-offender bill indicate that the offense being enhanced pursuant to La. R.S. 15:529.1 was count
 
 one
 
 — simple burglary of an inhabited dwelling. During the multiple-bill hearing, however, the trial court erroneously vacated the sentence imposed on count
 
 two
 
 and multiple-billed Mr. Spikes on that count.
 

 We, therefore, vacate the multiple-offender sentence for correction of this sentencing error. The original sentence on count two is hereby reinstated. The case is remanded to the district court to impose the multiple-offender sentence on count one — simple burglary of an inhabited dwelling — in conformity with the commitment and multiple-offender bill.
 

 We also note that the trial judge failed to state that the enhanced sentence was imposed at hard labor and without benefits. Because we vacate the multiple-offender sentence, those errors are rendered moot. We, nevertheless, advise the trial judge that on remand, the enhanced sentence should be imposed at hard labor and that pursuant to La. R.S. 15:529.1(G) all habitual offender sentences are to be served without the benefit of probation or suspension of sentence.
 
 State v. George,
 
 09-886, p. 20 (La.App. 5 Cir. 3/23/01), 39 So.3d 671, 683.
 

 Conclusion
 

 For the foregoing reasons, Mr. Spikes’ convictions for simple burglary of an inhabited dwelling and illegal possession of stolen things are hereby affirmed. The multiple-offender sentence is vacated. The original sentence imposed on count two is reinstated. The case is remanded to the district court to resentence the defendant in accordance with the instructions stated herein.
 

 CONVICTIONS AFFIRMED; MULTIPLE-OFFENDER SENTENCE VACATED; ORIGINAL SENTENCE ON COUNT TWO REINSTATED; REMANDED TO DISTRICT COURT
 

 [1]
 

 . The multiple offender bill and commitment reflect that Mr. Spikes was multiple-billed on count one — simple burglary of an inhabited dwelling. The trial court, however, erroneously stated that it was vacating the sentence imposed on count two — illegal possession of stolen things. The effect of this is discussed more fully in the error patent section of the opinion.
 

 [2]
 

 . Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
 

 [3]
 

 . In
 
 Vincent,
 
 La. R.S. 14:69 was called "receiving stolen things.” That section previously read: "Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.”