BARRY, Judge.
The defendant was convicted by a jury of armed robbery, La.R.S. 14:27, and attempted second degree murder, La.R.S. 14:27(30.-1). He was sentenced to consecutive terms of 20 years for the armed robbery and 30 years for the attempted second degree murder, to be served at hard labor without benefit of parole, probation or suspension of sentence. This Court previously affirmed both convictions but vacated the sentences because of non-compliance with La.C.Cr.P. art. 894.1, including the need to articulate the basis for consecutive sentences. State v. Glenn, 553 So.2d 988 (La.App. 4th Cir.1989). On remand, the trial court articulated reasons for the length and nature of the consecutive sentences which were reinstated.
The defendant assigns as error 1) an excessive sentence, 2) the failure to resen-tence on the attempted second degree murder charge, and 3) a violation of double jeopardy.
On May 15, 1986 the defendant and a group of teenagers planned to rob a pizza delivery man. A pizza was ordered and the defendant and two other boys waited for the delivery. The younger boys were stationed in the neighborhood as lookouts. The delivery man attempted a delivery at 6136 N. Galvez and was told to go across the street. While crossing the street, one of the boys with the defendant tried to grab the pizza, a brief struggle ensued, then the defendant shot the delivery man, Wilfred Hill, in the chest. The bullet lodged in his spine.
I
Although a sentence is within the prescribed statutory range, it may violate a defendant’s constitutional right against excessive punishment “if it is ‘grossly out of proportion to the severity of the crime’ or is ‘nothing more than the purposeless imposition of pain and suffering.’ ” Although sentences arising out of a single course of conduct are generally concurrent, consecutive sentences are not necessarily excessive. However, imposition of consecutive sentences requires particular justification by the trial court. State v. Collins, 557 So.2d 269 (La.App. 4th Cir.1990). A sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986).
On remand, the trial judge justified the consecutive sentences because of the “great harm” caused by the defendant. The trial court stated that the gunshot was unwarranted and permanently paralyzed Mr. Hill. Mr. Hill lost his job, is financially ruined, and lost his family. The trial court said that Mr. Hill “will never be the same again.”
The trial court expressly justified the length of the sentences. During the original sentencing the trial court noted the seriousness of the crime, the permanent nature of the 23-year-old victim’s injury, and the senselessness of the crime. During resentencing, the trial court recounted *149 the facts of this “horrible case”, considered the undue risk of harm presented by the defendant, that a lesser sentence would deprecate the seriousness of the offense, the need for incarceration and a custodial environment, and the extreme loss suffered by the victim. The trial court also noted the defendant’s young age and background, then concluded that the planned armed robbery and senseless shooting merited the previously imposed sentences totaling 50 years. The defendant was subject to a maximum of 149 years.
This defendant planned a robbery and shot the defendant in cold blood. The victim’s life has been shattered. In view of the defendant’s reckless disregard for human life, we easily conclude that 50 years for this heinous offense is not constitutionally excessive.
II
The resentencing transcript clearly shows that the trial court reinstated the original sentences for the armed robbery and attempted second degree murder convictions. This claim has no merit.
III
Defendant’s double jeopardy claim was not raised in his original appeal and will not be considered. However, we note that the two convictions are not two punishments for armed robbery, hence, there was no double jeopardy. See State v. Payton, 496 So.2d 1068 (La.App. 4th Cir.1986).
The record reveals an error patent. The trial court denied eligibility for parole, probation or suspension of sentence on the attempted second degree murder charge. La.R.S. 14:27(D)(1); State v. See, 467 So.2d 525 (La.1985); State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987).
The sentence for attempted second degree murder is amended to provide eligibility for parole, probation or suspension of sentence. As amended, both sentences are affirmed.
AFFIRMED AS AMENDED.