hLANDRIEU, Judge.
Sullivan Walter was charged by grand jury indictment with two counts of aggravated crime against nature, one count of aggravated rape, and one count of aggravated burglary on November 13, 1986.[1] He was arraigned and pleaded not guilty on December 1, 1986, and the next day a twelve member jury found him guilty of forcible rape and guilty as charged on the remaining counts. Walter was sentenced on December 16, 1986, to serve thirty-five years at hard labor, the first two years to be served without benefit of parole on the forcible rape conviction. He was sentenced to serve fifteen years at hard labor without benefit of parole on each of the remaining counts, all sentences to run concurrently. The State subsequently filed a multiple bill of information alleging that defendant was a second felony offender based upon a 1986 guilty plea to simple burglary. On April 7, 1987, the defendant pleaded guilty as charged. The trial court vacated the ^sentence on the forcible rape conviction and resentenced relator to serve thirty-five years at hard labor without benefit of probation or good time and without benefit of parole for the first half of the sentence. On appeal, the convictions were affirmed. The sentence on the aggravated burglary conviction was amended to reflect that only the first half of the sentence is to be served without benefit of parole, and as amended, *833 affirmed. All other sentences were affirmed. The matter was remanded to the trial court to provide Walter with an opportunity to file a motion for new trial based upon a claim of newly discovered evidence, reserving his right to appeal the trial court’s ruling on the motion. State v. Walter, 514 So.2d 620 (La. App. 4th Cir.1987).
A hearing on defendant’s motion for new trial began on April 29, 1988 and concluded on July 1, 1988. The trial court denied the motion, and the defense noted an objection. Walter’s motion for appeal was granted on July 15,1988, but no appeal was ever lodged. However, in response to an application for post conviction relief filed by Walter, this Court ordered the trial court to conduct a hearing to determine the status of Walter’s appeal.[2] On August 11, 1992, the status hearing was held and the Orleans Indigent Defender Board was appointed to represent Walter on his appeal.
The facts, taken from the original appeal opinion, are as follows:
On May 10, 1986 at approximately midnight, the victim had just finished cleaning her bedroom carpet and was taking a shower; her eight year old son was sleeping in an adjacent bedroom. She heard a noise at the front of the house and investigated, but found nothing unusual. She returned to showering. Moments later, a young black man stepped into the bathroom -with a yellow rag over his face, carrying a large kitchen knife. He held the knife to the victim’s throat, and told her to be quiet or he would hurt her and her son. He dragged her into her bedroom, pushed her to the floor and ordered her to perform fellatio on him. He then performed cunnilingus Ron the victim and had intercourse with her. In the struggle, the victim sustained lacerations and bruises.
At trial, the victim testified that during the commission of the crimes the assailant dropped the rag from his face and she was able to observe him at a very close range for several minutes in the lighted bedroom. The police detective who handled the case testified that four days after the crimes, he took the victim to a police artist who drew a composite sketch of the perpetrator. When the sketch was circulated through the New Orleans Police Department, another officer recognized the sketch as Sullivan Walter. The victim was then shown a photographic line-up, and she identified Walter as her assailant. She also identified Walter at trial.
Walter, 514 So.2d at 621.
A review of the record for errors patent shows an error in two of appellant’s sentences. First, La.Rev.Stat.Ann. 14:60 (West 1986), aggravated burglary, does not require that the sentence be served without the benefit of parole. The trial court sentenced defendant to serve fifteen years at hard labor without benefit of parole. On appeal, this Court amended the sentence to reflect that only the first half of the sentence is to be served without benefit of parole, citing La. Rev.Stat.Ann. 15:574.4 (West 1992). Walter, 514 So.2d at 622. Because La.Rev.Stat. 14:60 does not prohibit parole, the defendant’s parole eligibility is determined by the Department of Corrections in accordance with La.Rev.Stat. 15:574.4. Although our original opinion merely restated the law as set out in La.Rev.Stat. 15:574.4, the final determination is left to the Department of Corrections.
Second, neither La.Rev.Stat.Ann. 14:42 (West 1982) or La.Rev.Stat. Ann. 15:529.1 (West 1992) provides for the denial of good time. Accordingly, defendant’s sentence on the forcible rape conviction is amended to delete the denial of good time. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988).
In his first assignment of error, Walter asserts that the trial court erred in denying his motion for new trial under circumstances which indicate not only that he was denied a fair trial due to discovery violations, but which also show the |4existence of scientific evidence that may exculpate him or at least rebut proof beyond a reasonable doubt.
In his initial appeal, defendant argued that his conviction should be reversed because the State did not produce results of a laboratory *834 analysis of seminal fluid from the victim’s clothing until the day of trial. Although the laboratory report was not admitted into evidence, the police criminalist who had performed the analysis and prepared the report testified to its contents.[3] The tests results showed the perpetrator as being a non-se-cretor, one of the group that composes only twenty percent of the population. Therefore, defendant argued that there was an eighty percent chance he was not the perpetrator, and that had he known about the test results earlier, he would have conducted tests to exonerate himself by proving that he is a secretor. Walter, 514 So.2d at 621.
After first noting that the defendant did not avail himself of the available remedies or sanctions in the trial court as provided by La.Code Crim.Proc.Ann. art. 729.5 (West 1981), this Court held:
Despite the failure of the defense to avail itself of remedies in the Trial Court and despite the‘weight of the victim’s identification of Walter, we believe his assignment of error has merit. Therefore, out of an abundance of care that Walter’s rights are not violated and due to the possibility that the test results produced on the day of trial may be exculpatory Brady material, we hold that the police criminalist’s testimony that the perpetrator was a non-se-cretor, is tantamount to newly discovered evidence. Construing C.Cr.P. arts. 851(3) and 854 very broadly, we believe that under the circumstances of this ease, Walter should be entitled to move for a new trial on the basis of secretor test results. We, therefore, remand this case to the District Court so that Walter may move for a new trial and present, at the | shearing on the motion, evidence that he is a secretor. That evidence will not, of course, be determinative of whether Walter is entitled to a new trial....
Walter, 514 So.2d at 622.
On January 13, 1988, tests of the defendant’s blood and saliva were ordered. The lab report was submitted on January 20, 1988. At the hearing on the motion for new trial held on April 8, 1988, Officer Harry O’Neal testified that the tests results showed that defendant was a Group “B” secretor. He also testified that even though the tests results taken from a stain on the victim’s shorts showed no secretor activity, those results alone are inconclusive as to whether the person who caused the stain is a non-se-cretor. Officer O’Neal further explained that the blood group may not be detectable from a stain because only a portion of the stain is tested and that vaginal fluids may have diluted the stain. He concluded that the defendant could not be excluded as the source of the seminal fluid on the victim’s shorts by the tests results taken from the stain. Finally, he stated that had he known the defendant’s tests results at trial, his testimony would have been the same.
The controlling article on a motion for new trial is La.Code Crim.Proc.Ann. art. 851 (West 1984) which provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * # ⅜
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
|6This rule contains the four generally recognized requisites for a new trial motion based on newly discovered evidence: (1) the evidence must have been discovered since the trial; (2) failure to learn of the evidence at the time of trial must not be due to defendant’s lack of diligence; (3) it must be mate *835 rial to the issues at the trial; and (4) it must be of such a nature that it would probably produce an acquittal in the event of retrial. State v. Prudholm, 446 So.2d 729, 735 (La. 1984) (citations omitted).
The trial judge’s application of these precepts to newly discovered evidence is entitled to great weight, and his denial of a new trial will not be disturbed on appeal absent a clear abuse of that discretion. Id. (citations omitted).
In the ease at hand, this Court has already held that, “the police criminalist’s testimony that the perpetrator was a non-secretor is tantamount to newly discovered evidence.” Walter, 514 So.2d at 622. Therefore, the pertinent issue becomes whether the evidence is of such a nature that it would probably result in an acquittal in the event of a retrial.
At the hearing on the motion for new trial, Officer O’Neal’s testimony centered on the inconclusive nature of the secretor test results. No testimony was elicited from Officer O’Neal during defendant’s trial that the tests results were conclusive that the perpetrator was a non-secretor.
At the end of the hearing on the motion for new trial, Judge Cannizzaro stated that he wished to compare the separate testimonies of Officer O’Neal prior to rendering a decision on defendant’s motion. In light of the noncontradictory nature of Officer O’Neal’s testimony and the weight of the victim’s identification of Walter, there appears to be no abuse of discretion in the trial court’s denial of the motion for new trial. This assignment of error is without merit.
In his second assignment of error, Walter asserts that his convictions for aggravated burglary and rape or crime against nature violate double jeopardy ^because the aggravating factor in the alleged burglary is an “intent to commit a felony.”[4] He is wrong. La.Rev.Stat. 14:60 provides in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
In this case, the record shows that the defendant was armed with a dangerous weapon. Thus, the requisite elements of aggravated burglary were established. Because the State need only prove intent to commit a felony within the victim’s home at the moment of unauthorized entry, and not the actual felony itself, it is apparent that the crimes of aggravated burglary and forcible rape and aggravated crime against nature do not contain identical elements. Accordingly, this assignment of error is without merit.
For the foregoing reasons, we affirm the defendant’s convictions and his crime against nature sentences. His sentence on the aggravated burglary conviction is amended to delete the prohibition against parole, and as amended, affirmed. His sentence on the forcible rape conviction is amended to delete the denial of good time, and as amended, affirmed.
AMENDED; AND AS AMENDED; AFFIRMED.

. The defendant had previously been charged by bill of information with forcible rape and the aggravated burglaiy and aggravated crime against nature counts under case number 316-877. The bill of information was later nolle prosequied and the records were transferred to the present case on December 2, 1986.

. The order was issued in writ 92-K-1141 on May 29, 1992.

. At the trial held on December 2, 1986, Officer O'Neal testified only that the stains on the victim’s shorts tested positive for spermatozoan, and that examination of the seminal fluid revealed no secretor activity. He also stated that eighty percent of the population is a secretor. No testimony was elicited concerning whether the tests were conclusive that the perpetrator was a non-secretor.

. We note that defendant's double jeopardy claim was not raised in his original appeal and accordingly need not be considered here. See State v. Glenn, 587 So.2d 147, 149 (La.App. 4th Cir.1991).