**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 07-0139


STATE OF LOUISIANA

VERSUS

EULICEE JAMAR WILLIAMS


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 18073-04
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett and Billy H. Ezell, Judges.


**CONVICTIONS AFFIRMED. SENTENCE IMPOSED FOR AGGRAVATED BURGLARY AFFIRMED; SENTENCES IMPOSED FOR AGGRAVATED BATTERY VACATED AND REMANDED TO THE TRIAL COURT FOR RESENTENCING.**


**John DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Eulicee Jamar Williams**

PETERS, J.

The State of Louisiana (state) charged the defendant, Eulicee Jamar Williams, by grand jury indictment with one count of aggravated burglary, a violation of La.R.S. 14:60, and two counts of aggravated battery, violations of La.R.S. 14:34. The defendant initially entered a plea of not guilty to all three charges, but later changed his plea to nolo contendere to all three charges. Thereafter the trial court sentenced the defendant to serve ten years at hard labor for aggravated burglary, and to serve five years at hard labor on each count of aggravated battery. The trial court then suspended all but two years on both aggravated battery sentences and placed the defendant on probation for five years. It then ordered that the aggravated battery sentences run concurrent with each other but consecutive to the ten year sentence for aggravated burglary.[1] After the trial court rejected his motion to reconsider his sentence, the defendant appealed both his convictions and sentences.[2]

Because no trial on the merits occurred, the factual basis for the charges against the defendant must be derived from the hearing wherein the defendant entered his pleas. The record of that hearing establishes that on or about May 14, 2004, the defendant broke into the Calcasieu Parish home of his former girlfriend, Melissa Waldroup, while armed with a gun. Upon entering the home, he discovered Ms. Waldroup and Roy Arceneaux in her bedroom. Mr. Arceneaux attempted to disarm the defendant, and in the ensuing scuffle the defendant discharged the weapon, striking Mr. Arceneaux in the hand. Mr. Arceneaux then fled the bedroom and the

---

[1]When originally sentenced, the defendant understood that all but two years of all three sentences had been suspended. However, at a subsequent hearing to clarify the sentence, the trial court made it clear that the suspension applied only to the two sentences imposed for aggravated battery.

[2]In an unpublished opinion, this court initially rejected his appeal as having been untimely filed. *State v. Williams*, 07-139 (La.App. 3 Cir. 4/11/07). The supreme court vacated that judgment and remanded the matter to this court for consideration of the issues raised on appeal. *State v. Williams*, 07-1020 (La. 11/16/07), 968 So.2d 720.

defendant struck Ms. Waldroup about the face and arms with his closed fists and the gun. The defendant then fled the scene.

In his appeal, the defendant raises three assignments of error:

1. The conviction for aggravated burglary and aggravated battery violated [his] constitutional protection against double jeopardy.

2. The trial court erred in amending the sentence to reflect [he] would have to serve 13 [sic, 12] years before probation, instead of two years.

3. The trial court erred in ordering consecutive sentences, instead of concurrent sentences.

### *Assignment of Error Number One*

With regard to the offense of aggravated burglary, La.R.S. 14:60 provides:

Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,

(1) Is armed with a dangerous weapon; or

(2) After entering arms himself with a dangerous weapon; or

(3) Commits a battery upon any person while in such place, or in entering or leaving such place.

Louisiana Revised Statute La.R.S. 14:33 provides in pertinent part that "[b]attery is the intentional use of force or violence upon the person of another." "Aggravated battery is a battery committed with a dangerous weapon." La.R.S. 14:34.

By this assignment of error, the defendant asserts that his armed, unauthorized entry into Ms. Waldroup's residence was for the purpose of committing an aggravated battery on Ms. Waldroup and Mr. Arceneaux. Thus, he argues, his aggravated burglary conviction arises from the third subsection of La.R.S. 14:60, and not the first or second. That being the case, his convictions for aggravated battery constitute

2

double jeopardy because his conviction for aggravated burglary required proof that he committed a battery while in the residence.

In considering this assignment of error, we first note that the grand jury indictment charging the defendant with aggravated burglary did not set forth the subsection under which the defendant was charged. Additionally, when the defendant sought discovery of the particular section applicable through a motion for bill of particulars, the state did not respond with a specific subsection. Instead, the state referred the defendant to its response to his motion for discovery previously filed. However, a review of the state's response to that motion does little to clarify under which subsection of La.R.S. 14:60 the state intended to proceed. Additionally, no other step of the proceedings in the trial court establishes the appropriate subsection.

Notwithstanding the lack of direction provided by the trial record, the state asserts on appeal that the aggravated burglary charge was pursued under La.R.S. 14:60(1). Specifically, the state argues that in order to convict the defendant of aggravated burglary, it was only required to prove beyond a reasonable doubt that the defendant entered Ms. Waldroup's dwelling without authorization, while armed with a dangerous weapon, and that he intended to commit a felony or theft. The proof of these facts, the state argues, is not disputed.

With regard to double jeopardy claims, the supreme court held in *State v. Arnold*, 01-1399, p. 1 (La. 4/12/02), 816 So.2d 289, 290, that while "[g]enerally, guilty pleas constitute a waiver of all non-jurisdictional defects," double jeopardy claims are an exception to that rule. Still, "that exception applies only 'where on the face of the record the court had no power to enter the conviction or impose the sentence.' [*United States v.*] *Broce,* 488 U.S. [563] at 575-76, 109 S.Ct. [757] at 765

3

[(1989)]. Properly applied, the exception requires limited review of only the charging documents and plea colloquy." *Id.* at 290.

This court in *State v. Cloud*, 06-877, pp. 5-6 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, 269-270, *writ denied*, 07-86 (La. 9/21/07), 946 So.2d 331, summarized the analysis required in determining double jeopardy as follows:

> In *State v. Barton*, 02-163, pp. 17-18, (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201-02, *writ denied*, 03-3012 (La.2/20/04), 866 So.2d 817, the court summarized the two tests used by Louisiana courts use in examining violations of double jeopardy as follows:
>
> > The "distinct fact" test, commonly referred to as the *Blockburger* test, is taken from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) as follows:
> >
> > > The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
> >
> > > *Accord, State v. Knowles*, 392 So.2d 651, 654 (La.1980).
>
> The second test is the "same evidence" test. In *State v. Steele*, 387 So.2d 1175, 1177 (La.1980), the Louisiana Supreme Court explained that test as follows:
>
> > If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial . . . .
>
> The "same evidence" test is broader than *Blockburger*, "the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *State v. Steele*, 387 So.2d at 1177. Although the Louisiana Supreme Court has accepted both the *Blockburger* test and the same evidence test, it has principally relied on the "same evidence" test to evaluate double jeopardy claims. *State v. Miller*, 571 So.2d 603, 606 (La.1990).

4

Applying either test to the matter now before us, we find no merit in the defendant's assignment of error. When the defendant entered Ms. Waldroup's dwelling armed with a weapon, he did not have to commit aggravated battery to be found guilty of aggravated burglary. He only had to *intend* to commit the offense. *See State v. Walter*, 94-2221 (La.App. 4 Cir. 5/29/96), 675 So.2d 831, *writ granted on other grounds*, 96-1702 (La. 6/20/97), 695 So.2d 1340. For example, had Mr. Arceneaux been successful in disarming the defendant, the defendant would not have been successful in committing aggravated battery, but he would still have successfully committed aggravated burglary. Thus, to convict the defendant of aggravated battery, the state was required to prove an additional element not required in the proof of the aggravated burglary—that the defendant was successful in committing the aggravated battery. We find no merit in this assignment of error. *See also, State v. Williams*, 05-1338 (La.App. 3 Cir. 3/1/06), 924 So.2d 1159), *writ denied*, 06-1471 (La. 12/15/06), 944 So.2d 1284; *State v. Kirkley*, 470 So.2d 1001 (La.App. 1 Cir. 1985), *writ denied*, 475 So.2d 1105 (La.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 808 (1986); and *State v. Cureaux*, 467 So.2d 1377 (La.App. 5 Cir. 1985).

### *Assignment of Error Number Two*

At the sentencing hearing on July 26, 2006, the trial court pronounced the sentences imposed on all three counts in the following manner:

> [I]n this particular instance, the Court is going to sentence you, on the aggravated burglary, to ten years with the Department of Corrections.
>
> In addition thereto, on the charges of aggravated battery, the Court is going to sentence you to two years - - I mean to five years on each count. I'll run those concurrent with each other, but consecutive to the burglary count.

5

I'll suspend all but two years and place you on five years supervised probation under the usual conditions of 895 of the Code of Criminal Procedure, with a special condition that you make restitution in this instance, and follow all the other guidelines, thereto.

Subsequent to the sentencing proceeding, the state filed a motion seeking clarification of the sentences imposed. In the motion, the state asserted that the Louisiana Department of Corrections (DOC) sought clarification because of an interpretation disagreement between that agency and the defendant concerning whether the trial court had suspended only a portion of the sentences imposed for the aggravated battery convictions or a portion of all three sentences. The consequence of this difference in interpretation is that under one scenario the defendant would serve twelve years, while under the other the defendant would serve only two years before being released on probation.

At the hearing on the state's motion, the trial court clarified its original sentence by making it clear that the original intent was to suspend only a portion of the sentences imposed for aggravated battery convictions. The trial court stated that no part of the ten-year sentence imposed for the aggravated burglary conviction was to have been subject to suspension. Thus, the trial court concluded that DOC's interpretation accurately reflected the sentences imposed.

In his second assignment of error, the defendant asserts that the trial court erred in amending the sentence to reflect that he would have to serve twelve years before probation instead of two years because he had already begun serving his sentence and the trial court had been divested of jurisdiction. We find no merit in this assignment of error because the trial court did not amend the sentence. It simply restated the original sentence so that the parties understood the specifics thereof.

6

### *Assignment of Error Number Three*

In his final assignment of error, the defendant asserts that the trial court erred in ordering consecutive instead of concurrent sentences. We find it unnecessary to address this assignment of error because, in performing our mandate under La.Code Crim.P. art. 920, we have found an error patent on the face of the record which requires that we vacate the sentences imposed on the aggravated battery convictions and remand the matter to the trial court for resentencing.

As previously noted, the trial court imposed the special condition of probation that the defendant make restitution to his victims. However, in imposing this condition the trial court failed to set the amount of restitution. This oversight renders the sentence illegal, requiring that we vacate the sentences imposed for aggravated battery and that we remand these charges for resentencing. *State v. Alexander*, 03-167 (La.App. 3 Cir. 9/10/03), 854 So.2d 456, *writ denied*, 03-2822 (La. 3/12/04), 869 So.2d 815. If, in resentencing the defendant, the trial court chooses to again place him on probation for either or both of the convictions, and chooses to impose restitution as a condition of probation, the trial court is instructed to set the amount of restitution to be paid to each victim and the terms under which the defendant is expected to meet that condition, i.e., to establish a payment schedule for the restitution. The payment plan "may be determined by the trial court or formulated by Probation and Parole and approved by the trial court." *State v. Stevens*, 06-818, p. 3 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 600.

### DISPOSITION

We affirm the defendant's conviction for aggravated burglary and the sentence imposed. We affirm the defendant's convictions for aggravated battery, but vacate

both sentences imposed on these convictions and remand the matter to the trial court

for resentencing in a manner consistent with this opinion.

**CONVICTIONS AFFIRMED. SENTENCE IMPOSED FOR AGGRAVATED BURGLARY AFFIRMED; SENTENCES IMPOSED FOR AGGRAVATED BATTERY VACATED AND REMANDED TO THE TRIAL COURT FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.