|2LeBLANC, Judge.
Defendant, Sidney Cotton, was charged by bill of information with molestation of a juvenile and oral sexual battery, violations of La. R.S. 14:81.2 and 43.3. Allegedly, the crimes occurred between January 1, 1995, and June 1, 1995, when the victim was seven years old. The state filed a motion entitled “Notice of Intent to Use Evidence of Other Acts” wherein it informed the defense that it intended to introduce evidence that in 1990, defendant performed oral sex upon his son, a juvenile, and in 1992, defendant performed oral sex upon his niece, a juvenile. The state contended that the other crimes evidence was being offered for the purpose of showing absence of mistake, preparation, intent and identity pursuant to La.Code Evid. P. art. 404(B). The memorandum in support of the state’s motion admits that defendant was tried and acquitted of charges based on the alleged 1990 and 1992 incidents.
On February 24, 1997, a hearing was held regarding the state’s motion to introduce other crimes evidence. During the hearing, the prosecutor admitted that relator was acquitted of the other two charges; however, he contended that when presenting other crimes evidence there is a lesser burden of proof upon the state, clear and convincing, than the “beyond a reasonable doubt” burden applicable to the instant charges. Therefore, according to the state, other crimes evidence could be introduced even though the defendant had been acquitted of the charges, and should be allowed under La.Code Evid. P. art. 404(B)(1) and for the reasons listed therein.
Although no witness testimony was presented, the prosecutor notified the court that the alleged victims of the other two crimes were present at the hearing and ready to testify. The prosecutor agreed that if the court allowed the testimony regarding the other charges then the fact that relator was 13acquitted of the charges would also be admissible evidence.
The trial court held, based on State v. Miller, 571 So.2d 603 (La.1990), that the evidence regarding the prior charges of which defendant was acquitted could not be introduced into evidence. The court followed the Supreme Court’s reasoning that, due to the particular significance the law attaches to an acquittal, evidence of a crime of which defendant has been acquitted should not be admissible unless the probative value of the evidence outweighs its potential for unfair prejudice. The court opined the potential for unfair prejudice was great and ruled the evidence inadmissible.
The state filed a writ application with this court, seeking review of the trial court’s rul *116 ing. On April 18, 1997, this court granted certiorari. See State v. Cotton, 97 KW 0632.
La.Code Evid. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding'
La.Code Evid. art. 1104 provides that the burden of proof in a pretrial hearing held in accordance with State v. Prieur, 277 So.2d 126 (La.1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404.
Although the burden of proof for introducing other crimes evidence is less than the reasonable doubt standard required for a conviction, it is not clear what the standard is. In State v. Prieur, 277 So.2d at 129, the Supreme Court set forth the burden |4of proof for the introduction of other crimes evidence: the state must show that the defendant committed the other crimes by clear and convincing evidence. However, in State v. Crawford, 95-1362, pp. 16-19 (La.App. 3d Cir. 4/3/96), 672 So.2d 197, 207-208, writ denied, 96-1126 (La.10/4/96), 679 So.2d 1379, the Third Circuit stated that La.Code Evid. art. 1104 requires the burden of proof for a Prieur hearing to be identical to that required by the Federal Rules of Evidence Art. IV, Rule 404. According to Crawford, Huddleston. v. U.S., 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988), is the leading case interpreting Rule 404. In Hud-dleston, the United States Supreme Court stated that “similar” acts evidence should be admitted if there is sufficient evidence to support a jury finding that the defendant committed the other acts. Additionally, the authors of the Louisiana evidence handbook question which standard applies in light of the addition of La.Code Evid. art. 1104 and the repeal of La.Code Evid. art. 1103. See HANDBOOK ON LOUISIANA EVIDENCE LAW, George W. Pugh et al., pp. 522-23, authors’ note no. 2 to La.Code Evid. art. 1104 (1997). Regardless of which of these two standards applies, the standard is less than the beyond a reasonable doubt standard required for a conviction.
In its brief to this court, the state contends that, under Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), evidence of other crimes for which a defendant has been acquitted is admissible. In Dowling, the United States Supreme Court held that neither double jeopardy nor the due’process clause barred admission of evidence under Rule 404(b) of the Federal Rules of Evidence of an alleged crime that the defendant previously had been acquitted of committing. The Court noted that its decision was consistent with other cases in which it held that an acquittal in a criminal case did not preclude the | sgovernment from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.
However, in State v. Miller, 571 So.2d 603 (La.1990), the Louisiana Supreme Court upheld the appellate court’s reversal of a simple kidnapping conviction based on the admission of evidence of crimes of which the defendant previously had been acquitted. In Miller, during the defendant’s trial on the kidnapping charge, the state introduced evidence of an attempted aggravated rape of the same juvenile victim; however, the defendant previously had been acquitted of the attempted rape charge in a separate trial. At the kidnapping trial, the state used the other crimes evidence in order to prove the “unlawful purpose” element of simple kidnapping under La. R.S. 14:45(A)(2). The jury was not given any limiting instructions or' otherwise informed of the acquittal. The Supreme Court determined that use of the other crimes evidence violated the constitutional prohibition against double jeopardy. See La. Const. Art. 1, Sec. 15. The Supreme Court further discussed whether or not the state could *117 present the evidence at a retrial under La. R.S. 14:45(A)(1), which did not require an unlawful purpose as an element of the crime. The Court stated that it failed to see how the evidence regarding the alleged attempted aggravated rape would be relevant to a material issue at the new trial and, thus, precluded its introduction at the new trial. The Court recognized that in previous cases it had allowed the admission of other crimes evidence which constituted a part of the res gestae of the charged offense, regardless of the prejudicial nature of the evidence. However, the Court concluded that, because the defendant had been found not guilty of the attempted rape, and because the law attaches a particular significance to an acquittal, “evidence of a crime of which a defendant has been acquitted should not be admissible unless the |6probative value of the evidence outweighs its potential for unfair prejudice.” State v. Miller, 571 So.2d at 609. The Court found that the potential for unfair prejudice was great because the attempted aggravated rape of a juvenile is a patently offensive and reprehensible crime and the jury might lose sight of the material issues involved and convict the defendant of simple kidnapping merely because they believed the defendant attempted to rape the victim.
In the instant case, the other crimes evidence at issue does not involve the same victim; thus, the chance of prejudice arguably is less than the situation in Miller. Additionally, although the particularities of the crimes were not set forth, according to the brief description of the other alleged crimes in the state’s motion, they appear to be similar to the instant criminal charge against the defendant for which he will be tried. Cf. State v. Jackson, 625 So.2d 146, 152 (La.1993).
In the instant case, the trial court ruled that the testimony regarding the other crimes evidence was inadmissible as its probative value was outweighed by its potential for unfair prejudice. However, as the state notes in its brief to this court, the trial court made this ruling without first hearing the testimony regarding the other crimes evidence. The state maintains that a finding that the probative value of the evidence did not outweigh its potential for unfair prejudice may only be made after considering the facts of the other criminal acts. According to the transcript, the court ruled on the motion without hearing the testimony. Although the state failed to object to the court’s failure to receive the testimony, the prosecutor informed the court that it was ready to introduce the testimony. Thus, the state’s contention that the court was unable to determine whether or not the probative value of the pother crimes evidence was outweighed by its potential for unfair prejudice without hearing the evidence itself has merit.
Therefore, the district court’s ruling that the state is not allowed to introduce the other crimes evidence is set aside; and this matter is remanded for a hearing to determine the admissibility of the other crimes evidence. After receiving testimony concerning the other alleged criminal acts, the court should then determine if the probative value of the evidence outweighs its potential for unfair prejudice and if the evidence otherwise is admissible under La.Code Evid. art. 404(B)(1).
WRIT GRANTED AND REMANDED FOR AN EVIDENTIARY HEARING.