STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-6**


STATE OF LOUISIANA

VERSUS

THORNTON GROSS


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 114793
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**SHANNON J. GREMILLION
JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Michael Harson**
**District Attorney, 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
**Thornton Gross**

**Patrick D. Magee**
**Assistant District Attorney, 15th JDC**
**P. O. Box 91847**
**Lafayette, LA 70509-1847**
**(337) 231-5883**
**Counsel for Appellee:**
**State of Louisiana**

**Gremillion, Judge:**

The Defendant, Thornton Gross, entered a *Crosby* guilty plea[1] on October 14, 2008, to the offenses of 1) felony carnal knowledge of a juvenile, a violation of La.R.S. 14:80(A)(1), and 2) sexual battery, a violation of La.R.S. 14:43.1. On the same date, the Defendant was sentenced to serve seven and a half years at hard labor on count one, without benefit of parole, and seven and a half years at hard labor on count two, with the sentences to be served consecutively. We affirm.

FACTS

The Defendant was originally indicted along with two co-defendants for second degree murder of the victim in this case. He was acquitted on March 9, 2007. During the trial, the Defendant took the stand in his own defense and testified that he had consensual sex with the then thirteen-year-old female victim on the same day as the murder, but contended that his conduct with the victim occurred hours prior to her death. The Defendant was later charged with the instant offenses and filed a motion to quash the indictment, alleging a double jeopardy violation. The trial court denied the motion, and the ruling was affirmed on review. *See State v. Gross*, an unpublished writ bearing docket number 08-126 (La.App. 3 Cir. 5/7/08), *writ denied*, 08-1220 (La. 6/18/08), 984 So.2d 3.

On October 14, 2008, the trial court heard another motion by the Defendant, seeking to prohibit introduction of his murder trial testimony at the new proceeding. After the trial court denied the motion, the Defendant entered a guilty plea pursuant to the provisions of *State v. Crosby*, 338 So.2d 584 (La.1976). The Defendant reserved the right to appeal the issues of whether the new prosecution was barred by

---

[1] *State v. Crosby*, 338 So.2d 584 (La.1976) allows a defendant to enter a plea of guilty and reserve appellate review of pre-plea rulings.

1

the double jeopardy prohibition and whether the State could prove the offenses without the testimony of the deceased victim. At the Defendant's guilty plea proceeding, the State set forth the facts of the two offenses.

The State contended it was prepared to prove that the Defendant committed sexual battery upon the victim, who was under 15 years of age on October 10, 2004, and that the victim was at least three years younger than the Defendant at the time of the offense. Further, the State argued it would have proven that the Defendant, who was 19 years old or older at the time of the offense, had consensual sexual intercourse with the victim. This would have proven the second crime of felony carnal knowledge of a juvenile because the victim was older than twelve years but younger than 17 years on October 10, 2004, and was not the spouse of the Defendant. There are no errors patent.

ANALYSIS

The Defendant raises two assignments of error. First, he contends that the current prosecution places him in double jeopardy. Second, the Defendant contends that the State has a *corpus delicti* problem. Specifically, he alleges that the state could not have convicted him based on his trial testimony alone. Rather, the testimony of the deceased victim was also necessary. We will address those assignments in turn. However, some preliminary analysis must be discussed.

THE *CROSBY* PLEA

Under *Crosby*, a defendant pleads guilty, but reserves his right to appeal alleged pretrial errors. The function of this type of contingent or conditional plea "is to permit a fair and efficient review of a central issue when the pretrial ruling on that issue, if erroneous, would mandate reversal of any resulting conviction." *State v.*

2

*Cooper*, 43,809, p. 6 (La.App. 2 Cir. 1/14/09), 2 So.3d 1174, 1177-8.  However, a *Crosby* plea, by its very nature, is limited.  An appellate court should presume that the contingency permitted by the *Crosby* plea is no broader than necessary to effectuate the underlying purpose of the conditional guilty plea.  That purpose is to preserve appellate review of evidentiary rulings which go to the heart of the prosecution's case, that a defendant would otherwise waive by entering an unqualified guilty plea.

In this case, the record is exceedingly clear that there are only two appellate contingencies created by the Defendant's *Crosby* plea.  Specifically, the trial court, in accepting the guilty plea with reservations, permitted the Defendant to appeal its pre-trial rulings regarding only double jeopardy and *corpus delicti*.  Therefore, while the record reflects multiple disputes between the parties regarding issues of fact, those issues are now moot by virtue of the Defendant's guilty plea.  Likewise, there were a number of evidentiary disputes that are resolved by the guilty plea.  Moreover, for purposes of this appeal, it is a fact that this 19-year old defendant engaged in inappropriate, albeit consensual, touching and sexual intercourse with the 13-year old victim.  Thus, as a consequence, he is guilty of the crimes of felony carnal knowledge of a juvenile and sexual battery as those crimes are described in La.R.S. 14:80 and La.R.S. 14:43.1, respectively.

DOUBLE JEOPARDY

Louisiana Code of Criminal Procedure article 596 provides:

Double jeopardy exists in a second trial only when the charge in that trial is:
1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.

3

Thus, the proper question to ask is: if the Defendant were tried for felony carnal knowledge of a juvenile and sexual battery, how would that be different from his previous murder trial? If those two charges are not "identical with or a different grade of" the previous second degree murder charge, then the Defendant is not placed in double jeopardy. Likewise, no double jeopardy exists if the sexual battery and felony carnal knowledge of a juvenile is not "part of a continuous" second degree murder offense.

In making a double jeopardy determination, Louisiana courts employ the *Blockburger* test, which states that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied is whether each provision requires proof of an additional fact, which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932). In addition, our state also relies on the broader standard embodied in the "same evidence test." *State v. Cotton*, 00-850 (La. 1/29/01), 778 So.2d 569. Under this test, if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy and the defendant can be placed in jeopardy only for one. *Id.* It is important to understand, however, that the "same evidence test" depends upon the proof required to convict, not all of the evidence actually introduced at trial. *State v. Miller*, 571 So.2d 603 (La.1990), and *State v. Steele*, 387 So.2d 1175 (La.1980).

Taken together, these two standards require that we ask two questions regarding the Defendant's alleged sex crimes involving the victim. First, what was the alleged "act or transaction" for which the Defendant was prosecuted in his murder trial? And second, what evidence was required to convict the Defendant of that act

4

or transaction?

Here, the Defendant was first tried for second degree murder. To convict, the State needed to prove that the Defendant killed the victim while the Defendant was "engaged in...forcible rape." La.R.S. 14:30.1. In order to convict the Defendant of second degree murder, then, the State was required to place the Defendant in jeopardy with regard to the crime of forcible rape. An offender commits this crime when he has non-consensual sexual intercourse "[w]hen the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La.R.S. 14:42.1.

Felony carnal knowledge of a juvenile is committed when:(1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater. La.R.S. 14:80(A)(1). Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender: (1) the touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or(2) the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim. La.R.S. 14:43.1.

This court has made it clear that a defendant is twice placed in jeopardy by

5

trying him both on a charge requiring perpetration of another felony, and the underlying felony. *State v. Pierce*, 01-94 (La.App. 3 Cir. 10/31/01), 799 So.2d 732, *writ denied*, 01-3312 (La. 1/10/03), 834 So.2d 427. Therefore, if the charge of sexual battery and felony carnal knowledge of a juvenile arose from the same act or transaction for which the Defendant was first tried for forcible rape, that would clearly constitute double jeopardy. We find, however, that this is not the case.

During the second degree murder trial, the state alleged that the Defendant and others took the victim into the woods, and there they proceeded to kick, beat and stomp her. They, allegedly, left her for dead, but not before they had vaginal sexual intercourse with her. That alleged act of non-consensual sexual intercourse was the predicate act of forcible rape urged by the state in the Defendant's murder trial. Again, if that alleged sex crime was the same sex crimes for which the Defendant was charged, i.e., sexual battery and felony carnal knowledge of a juvenile, and that resulted in his guilty plea, then he would clearly be exposed to double jeopardy. That, however, is not the case.

Rather, the Defendant himself described those separate sex crimes that admittedly occurred hours before the alleged forcible rape and second degree murder. He said they happened at the home of Ms. Crystal Phillips; whereas the alleged forcible rape occurred in a distant location in a wooded area. He described how this 13-year-old victim "wanted to give" him oral sex and in fact did perform oral sex on him. He testified in explicit detail that not only was this sex act consensual, but indeed this 13-year-old child "complied with no rebelliousness." Of course, the alleged forcible rape was non-consensual.

In the second degree murder trial, the state suggested that there was certain

6

"biological matter" from the Defendant on both the inside and the outside of the victim's pants. In his testimony, however, the Defendant made it very clear that this "biological matter" must have been transferred to the victim's pants during the separate consensual sex acts as opposed to the alleged non-consensual rape, thereby making a very clear distinction between the separate sex crimes. In short, the sex crimes of sexual battery and felony carnal knowledge of a juvenile are clearly separate and distinct from the alleged sex crime of forcible rape. They differ in time. They differ in location. They differ in terms of the physical acts themselves. They differ in terms of the state of mind of the victim. They differ in that no element of forcible rape inquires into the age of the victim.

The Defendant does properly point out that the state did submit evidence and argument relating to the first consensual sex crime. The state relied on the Defendant's own testimony that these first sexual acts left the Defendant "hot and bothered" and contributed to what the state called the Defendant's "lustful disposition." As the argument goes, it was this lustful disposition within the Defendant which led to the Defendant's hours-long adventure to first negotiate additional consensual sex acts and, ultimately, to non-consensual, violent, rape.

According to the Defendant, this evidence used to prove his "disposition" was the "same evidence" used to prove felony carnal knowledge of a juvenile and sexual battery. Moreover, according to the Defendant, this meets the "same evidence" test. Furthermore, the Defendant argues that, because it was these first consensual sex acts which ultimately led to the alleged forcible rape, they form "part of a continuous offense" as that phrase is used in La.Code Crim.P. art. 596. We disagree.

With regard to the Defendant's "same evidence" argument, reference must be

7

made to the specifics of the "same evidence" test. It is true that the same evidence of these first sex crimes was used in the murder trial. However, that alone does not fit within the limitations of the "same evidence" test. Jurisprudence holds that not all evidence introduced at trial is to be considered for purposes of the "same evidence" test. Rather, only the evidence necessary for conviction can be considered. Thus, the question becomes not whether evidence of the first sex crimes was introduced during the first trial, but whether evidence of those first consensual sex crimes was necessary to convict the Defendant of the alleged forcible rape. Clearly it was not.

*CORPUS DELICTI*

The Defendant finds himself in a similar position with regard to this argument. He now argues that the state could not have convicted him based on his trial testimony. Rather, he argues that the testimony of the deceased victim is required for a conviction. The Defendant entered a guilty plea and no other evidence was adduced. However, the state had additional evidence upon which it would rely. Indeed, it would have employed the same additional evidence that the Defendant used in proving his innocence in the second degree murder trial.

It is true that the Defendant did specifically testify in the murder trial regarding sexual contact with the victim on the date of the murder. However, he also testified that these sex crimes took place in a bedroom of Ms. Crystal Phillips' residence. This testimony would have been corroborated by the Defendant's witness, Ms. Crystal Phillips. Would she have been called to the stand, she would have testified, as she did in the first trial, that these sex acts did take place in her home and that she saw the Defendant alone with the victim, hugging and kissing her. The state would have also introduced evidence of the "biological matter" found on the person of the deceased

8

victim belonging to the Defendant. It merits note that Defendant's admission of these consensual sex crimes with the minor victim was offered as an explanation of how that biological matter was found on the young murder victim.

In Louisiana, the *corpus dilecti* rule prohibits conviction of an accused, based on his own, uncorroborated confession, without proof that a crime has been committed by someone. *State v. Thibodeaux*, 98-1673 (La. 9/8/99) 750 So.2d 916, *cert. denied*, 529 U.S. 1112, 120 S.Ct. 1969 (2000). This is because the "touchstone is trustworthiness," and "corroboration is an effective test of the trustworthiness of a person's inculpatory statements." *State v. Martin*, 93-285 (La. 10/17/94), 645 So.2d 190, 195, *cert. denied*, 515 U.S. 1105, 115 S.Ct. 2252 (1995). However, *Martin* held that "corroborating evidence need only show the essential injury involved in the charged crime ... in order to establish the reliability of the inculpatory statements of the accused; the corroborating evidence need not show every element of the definition of the crime charged." *Id.* at 195.

Here, the simple fact is corroborating evidence exists in the form of testimony of Ms. Crystal Phillips, who would have placed the Defendant alone with the minor in a bedroom in her house engaged in amorous conduct. Furthermore, it would have come in the form of "biological matter" from the Defendant which was found on the victim upon the discovery of her body.

CONCLUSION

The evidence clearly establishes that the state in the first trial placed the Defendant in jeopardy with regard to an alleged forcible rape for which he was acquitted. In the second trial, the state would have placed the Defendant in jeopardy for a completely separate and distinct act or transaction; specifically, sex crimes of

a consensual nature involving completely separate and different actions by the Defendant at a different time and at a different place than those actions involved in the alleged forcible rape. There is no double jeopardy.

Further, the Louisiana *corpus dilecti* rule has not been violated. The state could have proven the charges based on direct and circumstantial evidence. The trial court, therefore, properly accepted the guilty plea of the Defendant on the charged offenses.

**AFFIRMED.**